# United States District Court
# Eastern District of California

| | |
|---|---|
| JIAN LI, | 09-CV-00139 TJH |
|       Petitioner, | |
|   v. | Order |
| DENNIS KRIS SISTO, *et al.*, | |
|       Respondents. | |

Petitioner was convicted of attempted first degree murder, and is serving a seven year-to-life sentence. The Board of Prison Terms ("BPT") denied Petitioner parole in 2006. The trial court, appellate court, and state supreme court denied Petitioner's *habeas* petitions.

Petitioner raises two claims in this petition for *habeas* relief. First, Petitioner asserts that the BPT's reliance on Petitioner's commitment offense to deny Petitioner parole violates the Fifth and Fourteenth Amendments. Second, Petitioner asserts that the trial court erroneously applied a minimally necessary standard instead of the some-evidence standard.

The petition is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S. Ct. 2059, 2063, 138 L. Ed. 2d 481, 488 (1997). Under the AEDPA, a federal court may not grant a writ of *habeas corpus* unless the state court's adjudication was either: 1) Contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) Based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding. 28 U.S.C. § 2254(d)(1-2). Petitioner has not demonstrated that he is entitled to relief under this standard.

Petitioner's first claim fails. There is no clearly established United States Supreme Court precedent that precludes the BPT from relying on the commitment offense when considering suitability for parole. The only clearly established federal law setting forth the process due in the parole context is *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*. 442 U.S. 1, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). *Greenholtz* holds that an opportunity to be heard and a statement of reasons why the inmate did not qualify for parole are sufficient to protect against an arbitrary state parole decision. *Greenholtz*, 442 U.S. at 16. Petitioner does not argue that he did not receive the *Greenholtz* protections.

Petitioner's second claim fails. The Supreme Court specifically rejected the argument that parole decisions are to be reviewed for evidentiary sufficiency in *Greenholtz*. 442 U.S. at 15. A parole authority is not required to cite evidence to support its decision. *Greenholtz*, 442 U.S. at 16.

The "some-evidence" test that Petitioner argues controls was developed in the context of a prison disciplinary hearing, *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 457, 105 S. Ct. 2768, 2775, 86 L. Ed. 2d 356, 366 (1985), which, as the Supreme Court has recognized, is a fundamentally different context than a parole proceeding. *See Greenholtz*, 442 U.S. at 15-16. Because the tests and standards developed by the Supreme Court in one context cannot be transferred to a distinguishable context for AEDPA purposes, it is not appropriate to apply the some-evidence standard

1 | of judicial review to parole decisions.

3 |     It is Ordered that the petition be, and hereby is, Denied.

5 | Date: November 19, 2012

                                          Terry J. Hatter, Jr.
                                     Senior United States District Judge